UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**LAURENCE MOSKOWITZ**,

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
and **NISSAN-INFINITI LT LLC**,

    Defendants.
_____/

## COMPLAINT

Laurence Moskowitz ("Plaintiff") sues Experian Information Solutions Inc ("Experian") and Nissan-Infinity LT LLC ("Nissan") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Experian and Nissan transact business here, and the complained conduct of Experian and Nissan occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Experian is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5. Nissan is a Delaware limited liability company with its principal place of business located in Franklin, Tennessee.

**DEMAND FOR JURY TRIAL**

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

7. On a date better known by Nissan, Plaintiff leased a vehicle from Nissan (the "Vehicle").

8. In 2007, Plaintiff returned the Vehicle to Nissan in accordance with the underlying lease agreement.

9. In response to the return of the Vehicle by Plaintiff, Nissan improperly imposed additional charges onto Plaintiff in the amount of $1,934.00 (the "Erroneous Balance") for "wear and tear" which did not exist.

10. Plaintiff challenged and disputed the existence of any such "wear and tear" with Nissan directly.

11. Notwithstanding Plaintiff's challenge and/or dispute to Nissan, Nissan proceeded to report Erroneous Balance to the national credit reporting agencies, of which included Experian.

12. On multiple occasions, Plaintiff disputed the Erroneous Balance with Experian; however, Experian has not taken any action in response to Plaintiff's repeated disputes *other than* updating Plaintiff's credit report on December 31, 2021, to reflect the account associated with the Erroneous Balance, *i.e.,* the account listed as "**NISSAN-INFINITI LT**" with account number "**290093XXXXX**" (the "Subject Account"), as accurate.

13. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

14. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

15. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

16. On May 21, 2021, Plaintiff sent Experian a written dispute regarding the Erroneous Balance on the Subject Account (the "Dispute").

17. Despite receiving the Dispute, Experian continues to report the Subject Account disputed by Plaintiff inaccurately.

18. Continuing to report Plaintiff's account status in this fashion is significant. By continuing to report Plaintiff's account status in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

19. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

20. Experian failed to conduct a reasonable investigation.

21. Experian failed to review and consider all relevant information submitted by Plaintiff.

22. Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

23. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

24. Experian's reporting of inaccurate information the subject of the Dispute, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow

reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

25. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

26. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

27. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

28. Plaintiff incorporates by reference ¶¶ 7-27 of this Complaint.

29. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

30. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

31. Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

32. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure

to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

33. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

34. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

35. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

36. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

37. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian Information Solutions Inc, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

38. Plaintiff incorporates by reference ¶¶ 7-27 of this Complaint.

39. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

40. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

41. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

42. Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

43. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

44. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

45. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

46. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

47. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian Information Solutions Inc, awarding Plaintiff the following relief: [1] actual

damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Nissan)

48. Plaintiff incorporates by reference ¶¶ 7-27 of this Complaint.

49. On at least one occasion within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

50. On at least one occasion within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

51. On at least one occasion within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

52. Upon information and belief, Nissan was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

53. When Nissan received notice of Plaintiff's dispute from Experian, Nissan could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

54. Nissan would have discovered that the information it was reporting about Plaintiff was inaccurate if Nissan had reviewed its own systems and previous communications with the Plaintiff.

55. Nissan's investigation was per se deficient by reason of these failures on Nissan's investigation of Plaintiff's dispute.

56. As a direct and proximate result of Nissan's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

57. Nissan's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Nissan-Infinity LT LLC, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Nissan)

59. Plaintiff incorporates by reference ¶¶ 7-27 of this Complaint.

60. On at least one occasion within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

61. On one or more occasions within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

62. On one or more occasions within the past two years, by example only and without limitation, Nissan violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

63. When Nissan received notice of Plaintiff's dispute from Experian, Nissan could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

64. Nissan would have discovered that the information it was reporting about Plaintiff was inaccurate if Nissan had reviewed its own systems and previous communications with the Plaintiff.

65. Nissan's investigation was per se deficient by reason of these failures on Nissan's investigation of Plaintiff's dispute.

66. As a direct and proximate result of Nissan's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

67. Nissan's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

68.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Nissan-Infinity LT LLC, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: August 29, 2022

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3325 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550